GEORGE H. M. BARRETT, and others,

*vs.*

EDWIN H. BOWERS, and others.

Knox.    Opinion, January 23, 1895.

*Injunction Bond. Damages. Counsel Fees. R. S., c. 77, § 32.*

In an action upon an injunction bond conditioned to pay all damages sustained if the injunction is finally dissolved, *held.* that this was not the bond prescribed by statute (R. S., c. 77, § 32) but is a binding obligation according to its terms.

Damages within the meaning of the bond are pecuniary losses arising from the restraint imposed by the injunction, and not expenditures for counsel fees in the defense of the injunction suit.

*Thurston* v. *Haskell*, 81 Maine, 303, affirmed.

ON REPORT.

The case is stated in the opinion.

*C. E. and A. S. Littlefield*, for plaintiffs.

Plaintiffs are entitled as damages to the expenses incurred by them for counsel fees; first, upon the motion to dissolve the temporary injunction; and second upon the hearing before the law court, or more properly, the continuation of the hearing, before the law court, on the motion to dissolve the temporary injunction. The right of the plaintiffs to damages accrues only at the termination of the final hearing; and as the issue upon the motion to dissolve the temporary injunction, and the only issue involved in the bill at the final hearing, are identical, it would seem that the language of the bond clearly gives the right to recover for all counsel fees incurred in both hearings, or in the continued hearing on the motion to dissolve.

Counsel cited: Am. & Eng. Ency. Vol. 10 p, 999 ; *Andrews v. Glenville Woolen Co.* 50 N. Y. 282.

The fact that the issues involved, in the motion to dissolve and the final hearing. were identical, and that the final hearing was necessary in order to be rid of the injunction, and involved no other issue, should be borne in mind in an examination of the authorities, because in every case where it appears that the final hearing was necessary for the sole purpose of getting rid of the injunction, the courts have always held that counsel fees incurred in that hearing are recoverable under an injunction bond. This distinction is noticed in *Disbrow* v. *Garcia*, 52 N. Y. 654 ; *Newton* v. *Russell*, 87 N.Y. 527 ; *Edwards* v. *Bowdine*, 11 Paige, 224 ; *Cochran* v. *Judson*, 24 N. Y. 109. Counsel also cited : *Rice* v. *Cook*, 92 Cal. 144 ; *Creek* v. *McManus* 32 Pac. Rep. 675 ; *Lindsey* v. *Parker*, 142 Mass. 582. *Thurston* v. *Haskell*, 81 Maine, 303, turns upon the point that no effort was made to get rid of the temporary injunction, and that therefore nothing appeared to show that the plaintiffs had sustained any damage by the temporary injunction.

*W. H. Fogler*, for defendant.

SITTING : PETERS, C. J., WALTON, EMERY, HASKELL, WHITE-HOUSE, WISWELL, JJ.

HASKELL, J.　The municipal officers of Rockport had been enjoined, pending suit, upon bond filed, from constructing a sidewalk across the plaintiff's lawn, claimed to be within the limits of a street.　The defendants moved that the injunction be dissolved, and the justice who heard the motion, declined to act upon the motion until final hearing on the bill.　On final hearing the bill was dismissed.　The present action is upon the bond. Damages are claimed for the expenditure incurred on motion to dissolve and on final hearing, upon the ground that further hearing upon motion to dissolve was adjourned to the final hearing on the bill.

The condition of the bond is, that plaintiff shall pay all damages sustained "if said injunction is finally dissolved."　The statute required the condition to be, "to pay all damages and costs caused thereby, if he is finally not entitled to such injunction, unless a single justice, on motion to dissolve the same and hearing on the merits thereof, refuses to dissolve it."　R. S., c. 77, § 32.

The bond filed was not a statute bond, but, nevertheless, a binding obligation according to its terms.　It enabled the plaintiff to procure his injunction, and there is no reason why he should not respond to the condition he voluntarily entered into as a pre-requisite in that behalf.

The condition calls for the payment of all damages sustained, not including costs, if the injunction be finally dissolved ; and it has been dissolved by a dismissal of the bill.　The only question, then, is to assess the damages.　The only damages shown are the defendants' expenditure for counsel fees in the suit.　Are these damages within the meaning of the bond?　We think not. Damages mean pecuniary loss arising from the restraint imposed by the injunction, not the expenditure in the defense of the suit. This is the doctrine of *Thurston* v. *Haskell*, 81 Maine, 303.　It is not an open question in this state.　The object of the bill was a permanent injunction.　The expenditure was incurred in resisting the prayer of the bill — in defending the suit.　This is not damages within the meaning of the bond.　No damages have been shown, therefore there is no breach of the condition of the

bond.   Had the bond been a statute bond, and had the injunction been dissolved on motion, either in whole or in part, and had it restrained action other than that sought by the prayer of the bill, the case might have been different; but of this, we have no occasion to express any opinion.

*Plaintiffs nonsuit.*