## Will F. Wanless and Charles O. Knudson v. West Chicago Street Railroad Co.

1. INJUNCTION BOND—*When Good as a Voluntary Obligation.*—A bond given upon the issuing of an injunction under the order of the court, although not in compliance with the statute, is a voluntary bond, given on a good consideration—to wit, the issuing of the injunction—and if so, is binding on defendant in error as such.

**Debt,** on an injunction bond. Trial in the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Finding and judgment for plaintiff. Heard in this court at the March term, 1898. Reversed and remanded. Opinion filed July 21, 1898.

### STATEMENT OF FACTS.

Defendant in error brought a bill for an injunction against plaintiffs in error to enjoin the collection by them of a

judgment against defendant in error for $200.   The injunction was issued on the recommendation of the master, upon defendant in error "filing bond agreeably to the statute." The statute applicable to such cases provides that the bond shall be "conditioned for the payment of all moneys and costs due to the plaintiff in the judgment, and such damages as may be awarded against the complainant in case the injunction is dissolved.   If the injunction be dissolved, in whole or in part, the complainant shall pay, exclusive of legal interest and costs, such damages as the court shall award, not exceeding ten per centum on such part as may be released from the injunction."

Defendant in error gave its injunction bond in the penal sum of $400 to plaintiffs in error, with the following condition, viz.:

The condition of the bond is that the West Chicago Street R. R. Co. shall "well and truly pay, or cause to be paid to the said Will F. Wanless and Charles O. Knudson, their executors, administrators, or assigns, all damages which may be sustained by the said defendants by reason of the wrongful issuing of such injunction, and also, all such costs and damages as shall be awarded against the said complainant in case the said injunction shall be dissolved; and also all money and costs due to the plaintiff in the judgment."

On a final hearing of the injunction case, the injunction was dissolved and the bill dismissed at complainant's costs, and thereupon this suit was instituted upon the bond against defendant in error.   The case was tried by the court, a jury being waived by agreement.   The court found the issues for the plaintiffs, and assessed the damages at $20, on which judgment was rendered, to reverse which this writ of error is prosecuted.

The evidence would have justified a finding for the plaintiffs of $150, but the court, at defendant's request, held the following proposition of law, viz.: "That the damages in this case be limited to an amount equal to ten per centum of the judgment enjoined, to wit, $20," and refused to hold a counter proposition requested by plaintiffs to the effect that

their recovery of damages was not limited to such per centum of the judgment.

CHARLES C. SPENCER and CAMPBELL ALLISON, attorneys for plaintiffs in error.

EDMUND FURTHMANN, attorney for defendant in error.

MR. JUSTICE WINDES delivered the opinion of the court.

We are of opinion that the learned trial judge erred in holding defendant's proposition of law and in refusing the counter proposition of plaintiffs. Defendant in error saw fit to depart from the statute which required a bond conditioned to pay "such damages as may be awarded against the complainant in case the injunction is dissolved," and gave its bond conditioned to pay "all damages which may be sustained by said defendants by reason of the wrongful issuing of such injunction, and also such costs and damages as shall be awarded against the said complainant," etc.

The bond is a voluntary bond, given on a good consideration—to wit, the issuing of the injunction—and is binding on defendant in error as such. Had it confined itself to giving the bond required by the statute, and as ordered by the court, a more difficult question would arise. Ballingall v. Carpenter, 4 Scam. 306; Pritchell v. People, 6 Ill. 530; Barnes v. Brookman, 107 Ill. 322.

These cases are decisive of the case at bar, and the judgment will be reversed and the cause remanded.