4067. JONES *v.* ROUNTREE *et al.*

1. In an action on an injunction bond conditioned to pay to the plaintiff "all costs and damages" which he may sustain by reason of the suing out of a bill of exceptions complaining of a judgment refusing an injunction, and thereby obtaining a supersedeas of the judgment, fees

paid by the plaintiff to his counsel for services in the Supreme Court can not be recovered.

2. In a suit upon such an injunction bond, the only issue involved is whether or not the plaintiff has incurred any costs and sustained any damages, within the meaning of the bond. Questions relating to the title to the land involved in the injunction suit are irrelevant. In the present case the court erred in allowing the amendment to the answer, but this error was completely cured by disregarding the amendment, in the rulings on evidence and in the instructions to the jury.

3. The evidence was sufficient to authorize the verdict for the defendants.

DECIDED MAY 22, 1912.

Action on bond; from Brooks superior court—Judge Thomas. February 3, 1912. (Transferred from the city court of Quitman by the act abolishing that court. Acts 1911, p. 332.)

Rountree, as surviving partner, claiming to be an execution creditor, brought an action to restrain Jones from committing waste on land which had been set apart as a homestead to the execution debtor. A temporary restraining order was granted, but was dissolved upon the hearing. The plaintiff desiring to supersede the judgment, for the purpose of having it reviewed in the Supreme Court, an order was passed that the judgment be superseded upon the giving by the plaintiff of a bond payable to the defendant, "conditioned to pay all damage he may sustain by reason of the carrying of said case to Supreme Court." Thereupon the plaintiff filed and had approved a bond conditioned to pay the defendant "all costs and damages" which he might sustain "by reason of the filing of [a] bill of exceptions" in the case. The judgment refusing an injunction was affirmed by the Supreme Court. Rountree v. Jones, 124 Ga. 395 (52 S. E. 325). The defendant sued the plaintiff and his surety upon the injunction bond, claiming $568 damages, which included an item of $100 expended for the services of an attorney in the Supreme Court. On demurrer the judge struck this item of damage, and exception is taken to this judgment. The judge, over objection, allowed Rountree and the surety to amend their answer and plead the existence of the homestead which had been set apart to the execution debtor of Rountree; and error is assigned upon this ruling. A verdict was returned in their favor. Jones's motion for a new trial was overruled, and this judgment is likewise assigned as error

*Branch & Snow*, for plaintiff.

*M. Baum, J. D. Wade*, for defendants.

POTTLE, J. (After stating the foregoing facts.)

1. By § 5502 of the Civil Code (1910) it is provided that where an injunction is granted or denied, and the losing party desires to supersede the judgment, in order to have the same reviewed in the Supreme Court, the presiding judge shall "make such order and require such bond as may be necessary to preserve and protect the rights of the parties until the judgment of the Supreme Court can be had thereon." The bond given in the present case was in strict accordance with the terms of the statute, but even if it had not been, the party who gave the bond and by reason thereof obtained a supersedeas of the judgment, and thus delayed his adversary, would not be heard to complain. Having obtained the benefit from the giving of the bond, he must stand by his contract as made, whether it be good as a strict statutory bond or not. *Waycross R. Co.* v. *Offerman & W. R. Co.*, 114 *Ga.* 727, 732 (40 S. E. 738). The case, therefore, turns upon the construction of the bond given by the defendants in error. The bond was conditioned to pay "all costs and damages" which the defendant in the injunction suit might sustain by reason of the suing out of a writ of error complaining of the refusal to grant the injunction, and the granting by the judge of a supersedeas of that judgment, pending the case in the Supreme Court. In this State counsel fees are not taxable as a part of the costs. The word "costs" has a fixed legal significance. It signifies the sums allowed by the statute to be taxed in the case against the losing party. Apperson *v.* Life Insurance Co., 38 N. J. L. 388. It is clear, however, that the use of the word "costs," in the injunction bond, did not bind the obligor to pay counsel fees of the adversary.

It is insisted that counsel fees are recoverable under the obligation to pay all "damages" which the defendant might sustain by reason of the filing of the bill of exceptions. The purpose of the petition for injunction was to restrain the defendant from boxing and working pine timber for turpentine purposes. Evidently the damages which were in contemplation of the parties consisted of the possible or probable loss which the defendant might sustain by reason of the delay in the operation of his turpentine boxes. It is well known that turpentine can be taken from the trees only during a certain season of the year, and that, should one who has

already boxed his trees for turpentine purposes be deprived of his right to dip turpentine and streak the boxes from time to time, he would in all probability sustain loss thereby. Evidently this was the loss and the damage which the parties had in contemplation when the bond was given. Attorney's fees are generally not included in the term "damages." Of course, in a broad sense, the defendant was damaged to the extent of $100 because he employed counsel to represent him in the Supreme Court in the injunction case, but, in order for attorney's fees to be recovered by way of damages, it would be necessary for the parties to use language clearly indicating that they had the payment of such fees in contemplation when the contract was made. In Wisecarver *v.* Wisecarver, 97 Va. 452, it was held that where an injunction bond was conditioned "to pay all such costs as may be awarded against the plaintiff and all such damages as may be incurred in case such injunction is dissolved," counsel fees could not be recovered. To the same effect, see Barrett *v.* Bowers, 87 Me. 185 (32 Atl. 871); Midgett *v.* Vann (N. C.), (73 S. E. 801); *Ball* v. *Vason, 56 Ga.* 264. (2). There was no error in striking from the petition the paragraph claiming the right to recover attorney's fees.

2. The question of title to the land embraced in the injunction suit was not involved in the suit on the bond. By the judgment of the Supreme Court it was definitely adjudicated that the plaintiff was not entitled to an injunction against the defendant, and this question could not be reopened in any form in the trial of the suit upon the injunction bond. It was, therefore, error to allow the defendants in the latter suit to amend their answer by undertaking to set up outstanding title, so as to defeat the suit, inasmuch as the sole question involved in the suit on the injunction bond was whether the obligee had expended any costs and sustained any damages within the meaning of the bond. This error was, however, entirely harmless in the present case, for the reason that the judge disregarded the amendment, in his rulings on evidence and instructions to the jury, and permitted the plaintiff to offer proof and try the case without reference to the defendants' claim of outstanding title in a third person. The error in allowing the amendment was therefore cured by subsequent rulings, and constitutes no reason for reversing the judgment.

3. It is doubtful whether the plaintiff in error furnished suffi-

cient data to enable the jury to calculate his damages with legal certainty, but even if he did, there was sufficient evidence offered by the defendants to show that the plaintiff had not sustained any damages, and for this reason the discretion of the trial judge, in overruling the motion for a new trial, which was based on the general grounds only, will not be controlled.

*Judgment affirmed.*