JOHN SEWELL AND FRANK GALLAT, *Plaintiffs in Error,* v. W. I. HUFFSTETLER, *Defendant in Error.*

Opinion Filed May 19, 1922.

Petition for Rehearing Denied June 12, 1922.

1. Where a demurrer is addressed to a declaration in its entirety, which declaration contains several counts, if any one count is good the demurrer will be overruled. In an action upon an injunction bond for breach of the condition,

which is that if the injunction be dissolved and the bill be dismissed, it is no defense that the court overruled a motion to dissolve the injunction, but later upon the merits dismissed the bill and dissolved the injunction.

2. Under Section 1481, General Statutes 1906 Florida Compiled Laws 1914, if the judge of a circuit where a cause is pending becomes ill and unable to attend to any of the duties pertaining to his office the issues in the cause may be made up and testimony taken and the cause disposed of under the orders of the Judge of another circuit. A hearing by the Judge of another circuit under this section is not a change of venue.

3. Where in a chancery cause the Judge of the Circuit where the same is pending becomes ill and unable to attend to any of the duties pertaining to his office the cause may be heard by the Judge of another circuit upon application by either party.

4. Where in an action upon an injunction bond for breach of condition the declaration alleges that the Judge of the Circuit in which the chancery cause was pending became ill and was unable to attend to the duties of his office and the cause was heard by the Judge of another Circuit a demurrer to the declaration admits the conditions necessary to authorize the Judge of the other circuit to hear and determine the cause.

5. A Judge of a circuit who is disqualified in an action pending in his circuit and certifies to his own disqualification should make no further order in the cause other than the one of transfer but an order to the effect that the cause be referred to some other Judge having jurisdiction is proper. Section 1337, General Statutes 1906, prohibits any Judge from presiding in any cause in which he is interested or to which he is a party or in which he would be excluded from being a juror by reason of interest, consanguinity or affinity to either of the parties. Section 1339, General Statutes, provides that the Judge so disqualified shall retire of his own motion and without waiting for an application to that

effect.  A Judge who was an attorney before his election to the bench and was professionally connected with the case pending in the circuit of which he is Judge is deemed to be disqualified.

6. Section 1481, General Statutes 1906, requires any other Judge of a court of the same jurisdiction as the court in which the case is pending on the application of either party to perform such duties and hear and determine all such matters as may be submitted to him.  Nothing in the statute requires the parties to agree upon a Judge to try the cause nor that it shall be transferred to the circuit next adjoining nor to any other circuit.

7. It is no defense to an action upon an injunction bond that its condition is broader than the terms of the order for the injunction require.

8. A plea which sets up a contract different from the recitals of the bond is bad.  The liability of the obligors is determined by the bond and not by the court order.

9. Indemnity for the breach of the bond will be allowed so far as the condition is legal but not beyond what could be recovered if the bond conformed to the order.  Dissolution of the injunction upon the merits operates as an adjudication that it was improperly issued.

10. In an action upon a bond for a breach of its condition where the declaration alleges that the injunction was dissolved and the bill dismissed, which language followed the condition of the bond, a plea which averred that the injunction was not dissolved upon motion is bad.  The plea should meet the allegation of the declaration squarely.  The plea should be distinctively responsive not evasive and argumentative.  If the plea has two intendments upon its face that which is most unfavorable to the party pleading will be taken.

11. In an action upon an injunction bond for breach of condition where the declaration alleges that the Judge of the

court in which the chancery cause was pending was ill and unable to perform the duties of his office and the cause was heard and determined by the Judge of another circuit a plea which avers that the Judge who dismissed the chancery action was without jurisdiction to make any order in the cause is bad because it fails to aver any fact showing the lack of jurisdiction of such Judge.

12. A plea to an action upon an injunction bond for breach of condition which merely avers that certain items of expense and charges to which the plaintiff alleges that he was subjected by the issuing of the injunction is not a plea in bar. Such plea goes only to the reduction of damages. That damages are claimed in excess of the liability on the bond sued upon is immaterial.

13. Pleas to an action upon an injunction bond for breach of condition which aver that the items claimed by way of damages are excessive are not pleas in bar and such averments of fact may be shown in evidence under the general issue in reduction of damages.

14. A plea which amounts merely to an averment of a conclusion of law is bad.

15. A plea to an action upon an injunction bond for breach of condition which undertakes to set up a defense that the Judge of the court who made the order dissolving the injunction was without authority to make such order is bad. The plea should have averred the facts or circumstances under which the Judge made the order of dissolution so that it might appear upon the face of the plea why the court was without jurisdiction.

16. In an action to recover damages for the breach of condition of an injunction bond the parties are bound by the terms of their written contract and will not be permitted to set up a different contract to the one which they signed and sealed as a defense. The obligors are estopped to deny recitals of the bond.

17.  Where a defendant in a civil action desires to file amended pleas to the declaration after the time fixed by statute for the filing of pleas an order of court should be obtained permitting him to amend as desired.

18.  Motions made in a cause are not evidence of the facts recited therein.

A Writ of Error to the Circuit Court for Dade County; O. K. Reaves, Judge.

Affirmed.

*G. A. Worley & Son* for Plaintiffs in Error;

*R. F. Burdine* and *W. J. Oven* for Defendant in Error.

ELLIS, J.—In August 1914 W. I. Huffstetler brought this action against John Sewell and Frank Gallat upon a bond given by Mrs. Mary K. Worley and her husband G. A. Worley to W. I. Huffstetler in the sum of one thousand dollars  The bond was executed in March 1912 with Sewell and Gallat as sureties.   The bond was given pursuant to the court's order in a cause wherein Mrs. Worley and her husband sued Huffstetler in chancery and sought an injunction restraining him from "selling or boarding the Ketch rigged yacht Kemah or from removing anything from said boat and from attempting so to do."

The condition of the bond was that Mrs. Worley and her husband should diligently prosecute their "bill of injunction and pay all costs and damages which might be sustained in the event said injunction should be disolved and the bill be dismissed and the said Mary K. Worley and G. A. Worley sustain their bill," then the obligation to be null and void else to remain in full force and effect.

In three counts of a lengthy declaration covering about twenty-two pages of type written matter, the cause of action upon the bond is set out. In the first count it is alleged that a restraining order was issued in the chancery suit and the bond was given and approved. That a few days later a motion to dissolve the injunction was denied and the court ordered the sheriff of Dade County to take possession of the boat until the further order of the court. It is further alleged that the Judge of the court in which the cause was pending became "ill and unable to perform the duties of his office" and pursuant to law the cause was referred to Judge J. W. Perkins, Circuit Judge of the Seventh Circuit, who acted in place of Judge L. W. Bethel who was ill and who was Judge of the Circuit where the cause was pending and in September 1913 Judge Perkins dissolved the injunction and dismissed the bill.

The declaration then alleges the damages which plaintiff sustained by reason of the issuing of the injunction: Attorney's fees; traveling expenses for himself and attorney in attending the hearings;loss of use of the boat for a month; repairs to the boat while the injunction was in force; costs of the court and wages of a watchman. That in the decree Huffstetler was allowed eleven hundred and ninety-three dollars for his costs and expenses of repairing and taking care of the boat and was given judgment against the complainant for that amount. It was alleged that the conditions of the bond had been broken, the defendants had refused to pay the costs and damages sustained. So damages were claimed in the sum of one thousand dollars. The second and third counts contain much the same allegations, the third count being a little fuller in the matter of detail, setting forth the decree rendered, the issuing of execution for the amount decreed to be paid by

Worley to Huffstetler, the return of the execution without satisfaction and the damages sustained by Huffstetler.

The defendants demurred to the declaration in October 1914, and on the 26th of April 1915 the plaintiffs caused to be filed a certificate by Hon. H. Pierre Branning, Judge of the Circuit Court in which the cause was pending that he was disqualified by reason of his having been of counsel in the cause.    The certificate was made in November 1914.

No action was taken until September 4th, 1915 when the plaintiff caused to be filed in the clerk's office a notice to defendants that the demurrer to the declaration would be argued before Hon. James W. Perkins, Judge of the Seventh Circuit on August 14th, 1915.    That notice was filed by Judge Perkins on August 23rd, 1915.    A copy of the notice appears in the record and service of the same accepted by G. A. Worley and son.    It notified Mr. Worley that attorneys for the plaintiff would argue the demurrer before Judge Perkins in DeLand on the 14th day of August A. D. 1915.    No exception was taken to the service of the notice.    From anything in the record appearing to the contrary the service of the notice was made in due time prior to the 14th day of August 1915.    The demurrer to the declaration was overruled.    This order is made the basis of the first assignment of error.

The demurrer attacks the declaration upon the ground that as the declaration affirmatively shows that the motion to dissolve the restraining order was denied, the subsequent dissolution of the injunction and dismissal of the bill did not entitle the plaintiff to demand any damages from the defendant because of the improper issuing of the injunction.    The second ground of the demurrer is that the declaration  does not show that there was a legal transfer of the chancery cause from the Eleventh Circuit to the

Seventh Circuit, nor any consent of the parties to such transfer, nor any certificate of disqualification of Hon. L. W. Bethel who at that time was Judge of the Eleventh Circuit, nor was there any allegation of any reason requiring the transfer of the cause.

The demurrer is addressed to the declaration as a whole.

If any one count is good therefore as against the demurrer the order overruling the demurrer will not be disturbed.

The bond is attached to the declaration and made a part of it by apt words. The condition is that if the ''injunction be dissolved and the bill be dismissed'' that Mrs. Worley and Mr. Worley shall pay all costs and damages which might be sustained. It is alleged in each count that the injunction was dissolved and the bill dismissed and that Mr. and Mrs. Worley did not pay the damages sustained. The overruling of the motion to dissolve the injunction did not preclude the court from afterwards dissolving the injunction and dismissing the bill.

From the showing made upon the application the issuing of the injunction may have been a proper exercise of the court's discretion, but the condition of the issuing was that in the event it should be dissolved and the bill dismissed after opportunity had been given for defense upon the merits or proper showing made, then the complainants should pay the damages sustained. The ground of the demurrer was without merit.

The other ground is also invalid. The declaration alleges that soon after the bond was executed and approved the Hon. L. W. Bethel, Judge of the Eleventh Circuit ''became ill and from which time down to the present time still is ill and unable to attend to any of the duties pertaining to his

office'', so that after testimony was taken and issues made up the ''said cause was referred to Hon. James W. Perkins, Judge of the Seventh Judicial Circuit of Florida, who acted in the place and stead of Hon. L. W. Bethel, Judge as aforesaid who was sick as aforesaid and unable to perform the duties of his office,'' etc.

The declaration presented a clear case of the substitution of Judges under the provisions of Section 1481, General Statutes 1906, 1 Florida Compiled Laws 1914.

A hearing by a judge of another Circuit under this section is not a change of venue.    State v. Hocker, 35 Fla. 19, 16 South. Rep. 614.

A judge of one Circuit may act in one matter arising in the case, another judge of a different Circuit may act in another matter arising in the same case. Simonton v. State *ex rel.* Thurman, 44 Fla. 289. 31 South. Rep. 821.

In a concurring opinion by Mr. Justice Taylor in the case of Atlantic Coast Line R. Co. v. Mallard, 53 Fla. 515, 43 South Rep. 755, the suggestion was made that our Circuit Judges have full and complete judicial power and authority under the constitution to hear and determine any cause or any question in any cause over which such courts generally have jurisdiction no matter in what territorial locality in the state the same may be pending whenever the exigency may arise calling for the exercise of such judicial power or authority, some of such exigencies that will set this latent judicial power in motion outside the territorial jurisdiction of the judge called upon to exercise it are that the judge presiding over one Circuit is absent from his territory or being present is temporarily disabled by sickness or insanity or other cause. The language of the constitution does not negative such an idea and the

statute referred to rests upon it, because it provides that such duties may be discharged by the judge to whom application is made either in his own or any other jurisdiction. In the case of Keen v. Polk, 72 Fla. 106, 72 South. Rep. 788, it is held that evidence of the inability to act or absence of the judge in whose circuit the cause is pending should be given to the judge to whom application is made by affidavit. The declaration does not allege that any such evidence of Judge Bethel's illness was submitted to Judge Perkins nor does the Statute require such evidence to be submitted. The fact of Judge Bethel's illness and inability to act was alleged and the demurrer admitted it. We think that the second ground of the demurrer was not well taken and that the order overruling the demurrer was correct.

The second assignment attacks the certificate of Judge Branning as to his disqualification. The certificate shows upon its face that Judge Branning before his election to the bench had, as an attorney-at-law, at one time been employed in the case by the plaintiff. Therefore, he certified his disqualification. The assignment of error is as follows: "The defendants assign as error the actions and rulings of the court in certifying its disqualification and referring this cause to some other judge having jurisdiction." The certificate is then described by certain dates, which identifies it as the certificate of Judge Branning. The certificate contained an order as follows: "And it is ordered that the same be referred to some other judge having jurisdiction."

A judge who is disqualified in a cause and certifies to his own disqualification should make no further order in the cause other than one of transfer. The certificate made by Judge Branning showed that he was disqulified and the certificate was not amenable to the criticism that the order

was improper.   See Tampa St. Railway & Power Co. v. Tampa Suburban R. Co. 30 Fla. 595, 11 South. Rep. 562; State *ex rel.*   Ambler v. Hocker, 34 Fla. 25, 15 South. Rep. 581.

The above cases also hold that a judge's disqualification arising from his professional connection with the case before his election to the bench, is aside from any consideration of interest.   Mr. Justice Lidden said in the latter case, the rule "is but an evolution of the elementary maxim that no man should be a judge in his own lawsuit".   Section 1337, General Statutes, same section Florida Compiled laws 1914 prohibits any judge from presiding in any cause in which he is interested or to which he is a party or in which he would be excluded from being a juror by reason of interest, consanguinity or affinity to either of the parties. Section 1339 provides that the judge so disqualified shall retire of his own motion and without waiting for an application to that effect.

Counsel for plaintiff in error contend that the certificate order is void because under the statute there was no authority in the disqualified judge to make any order whatsoever.   The position is untenable not only because the socalled order amounted to nothing more than a reiteration of the judge's disqualification, because if the judge was disqualified the cause must needs be tried by some other judge having jurisdiction, but Section 1337 General Statutes provides that the judge disqualified shall entertain a motion to have the cause tried by a qualified tribunal.

The judge being disqualified and the order correct, Section 1481, General Statutes, applies, which requires any other judge, of the court of the same jurisdiction as the court in which the cause is pending, on the application of

any party, to perform such duties and hear and determine all such matters as may be submitted to him.   There is nothing in the statutes requiring the parties to agree upon a judge to try the cause nor that it shall be transferred to the circuit next adjoining on any side.

The case of Potter v. Realty Securities Corporation, 77 Fla. 768, 82 South. Rep. 298, does not so hold.   The case is one relating to the trial of an action at law by an attorney-at-law upon whom the parties under Section 1344 General Statutes may agree as judge *ad litem* when the judge of the court is disqualified for any reason.   The case at bar is a chancery cause and the complainant proceeded under Section 1481, General Statutes.   The recital in the order overruling the demurrer, that the parties referred the cause to the Judge of the Seventh Judicial Circuit because of the disqualification of the Judge of the Eleventh Circuit does not vitiate the order.   The second assignment is not sustained.

On November the first following, the defendants filed seven pleas to the declaration.   Demurrers to these pleas were sustained by Judge Perkins of the Seventh Circuit and the order is made the basis of the third assignment of error.

There was no error in that order.

The first plea avers that the order, requiring the complainants Worley in the chancery cause against Huffstetler to give a bond upon the injunction issuing, required different conditions from those named in the bond given and upon which the action was based and concluded by denying that the injunction was dissolved on motion or otherwise.

The second plea attacks the decre of the Chancellor upon the ground that the judge who rendered it was without

jurisdiction to make any order in the cause. The facts as averred were in substance that the cause was not at issue when Judge Perkins made the order of dismissal because it had been referred back to a Master by Judge Bethel to take testimony which order could not be found, but an affidavit of the court stenographer was obtained that such an order was made and a telegram was sent to Judge Perkins advising him of the fact.

The third plea avers that the bond was given only to secure legitimate court costs and damages in the event the injunction "should be dissolved on motion if it should appear that the same was improperly sued out." That the injunction was not dissolved on motion but on the contrary the motion to dissolve was denied and the order therefore became "effectual and perpetual and forever settled the question as to the issuing out of the injunction being proper or improper" and as no appeal was taken from the order the defendant Huffstetler acquiesced in the same.

The fourth plea avers that the injunction was never dissolved and the bill dismissed by a court having jurisdiction.

The fifth plea denies certain items of expense and charges to which the plaintiff alleged that he was subjected by the issuing of the injunction.

The sixth plea merely denied that the order dismissing the bill and dissolving the injunction required the complainant in the chancery cause to pay certain items of expense and the seventh plea denied the plaintiff's right to recover in the action certain items claimed, particularly repairs upon the boat.

The first part of the first plea is bad because it is no defense upon an injunction bond that its condition is broader than the terms of the order for the injunction requires. See 22 Cyc. 1042; Wanless v. West Chicago St. R. Co. 77 Ill. App. 120; Johnston v. Vaughn, 9 B. Mon. (Ky.) 217; Barrett v. Bowers, 87 Me. 185, 32 Atl. Rep. 871; Menkin v. Frank, 57 Miss. 732; Columbia Amusement Co. v. Pine Beach Inv. Corp. 109 Va. 325, 63 S. E. Rep. 1002, 16 Am. Cas. 1120.

A plea which sets up a contract different from the recitals of the bond is bad. See Booske v. Gulf Ice Co., 24 Fla. 550, 5 South. Rep. 247; Brown v. Avery, 63 Fla. 355, 58 South. Rep. 34.

The defendant cannot go behind the decree in the case in which the bond was issued. See Oelrichs v. Williams, 15 Wallace 211, 21 (L. Ed.) 43; Cates v. Woolridge, 1 J. J. Marsh (Ky.), 267.

The liability of the obligors is determined by the bond alone and not by the order. The obligors are estopped to deny the recitals of the bond even if they were in conflict with the record. The complainant applied for and obtained the injunction, he reaped the benefits derived from the order and he and his sureties are estopped to deny that the bond was proper in form or substance. See Wray v. Davenport, 79 Va. 19, text 26; Blankenship v. Ely, 98 Va. 359, 36 S. E. Rep. 484.

Indemnity for the breach of the bond will be allowed so far as the condition is legal but not beyond what could be recovered if the bond conformed to the order. Besides dissolution of the injunction upon the merits operates as an adjudication that it was improperly issued. See Landis

v. Wolf, 206 Ill. 392, 69 N. E. Rep. 103; 2 High on Injunctions (4 Ed.) Sec. 1649.

The last sentence in the plea is as follows: "And these defendants say that the said injunction was not dissolved on motion or otherwise; and they deny that the said injunction was dissolved and deny the right of the plaintiff to recover in said suit."

The declaration alleged that the injunction was dissolved and the bill dismissed. That language followed the condition of the bond. It was an allegation material and necessary to the existence of an action upon the bond for breach of its conditions. The plea should have met the allegation of the declaration squarely. If the injunction was not dissolved by an order confined merely to the writ, the dismissal of the bill operated nevertheless to release the property affected by it and the injunction became *functus officio*. That state of facts would have entitled the defendant to maintain his action upon the bond if the conditions were not performed as to payment of costs and expenses. See 22 Cyc. 1029. But an averment in a plea that the injunction was not "dissolved on motion or otherwise" followed in the same sentence with a denial that it was dissolved does not amount to a denial that the bill was dismissed. The peculiar condition of the bond prevented an action upon it until the bill was dismissed. A plea should be distinctly responsive, not evasive and argumentative. See 14 R. C. L. 475; Hanover Fire Insurance Co. v. Lewis, 28 Fla. 209, 10 South. Rep. 297. If it has two intendments upon its face it is construed against the party pleading. See Cotton v. Williams, 1 Fla. 37; Atlantic Coast Line R. Co. v. Beazley, 54 Fla. 311, text 408, 45 South. Rep. 761; Williams v. Peninsular Grocery Co. 73 Fla. 937, 75 South. Rep. 517.

The second plea is bad because it fails to aver any fact showing the lack of jurisdiction of Judge Perkins. It admits the allegation that Judge Bethel was ill and unable to perform the duties of his office. That the cause was decided before all the testimony was submitted to the court and without notice to counsel of the filing of the Master's report, and that Judge Bethel before his illness referred the cause to a Master, does not show lack of jurisdiction in Judge Perkins to whom the defendant submitted the cause upon the inability to act of Judge Bethel.

Such procedure may have operated to cause a reversal of the decree upon appeal under a sufficient showing in the record, but it cannot defeat the plaintiff's action upon the bond, because the defendants cannot impeach the decree except for fraud. See 22 Cyc. 1041. Or lack of jurisdiction in the court or judge dismissing the bill.

The fifth plea as well as the sixth and seventh go only to the reduction of damages. They are not pleas in bar but only amount to denials that certain items claimed as damages are assessable as such in the action or that the plaintiff sustained the damages alleged. That damages are claimed in excess of the liability on the bond sued upon is immaterial. See Fidelity & Deposit Co. of Maryland v. Aultman, 58 Fla. 228, 50 South. Rep. 991.

The pleas contained no averments of fact that could not have been shown in evidence under the general issue or in reduction of damages. They should have been stricken but the course which was pursued was not harmful to the defendant.

The fourth plea was an allegation of a conclusion of law. It merely averred that the injunction or restraining order had never been dissolved and denied that the bill

was dismissed by "the court having jurisdiction in the matter."

Facts should have been averred, if they existed, which showed that the circumstances under which Judge Perkins made the orders set forth in the declaration conferred no jurisdiction or authority upon him to hear or determine the cause. Mere averments of conclusions of law in a plea are not permissible. See Ray v. Wilson, 29 Fla. 324, 10 South. Rep. 613; Sammis v. Wightman, 31 Fla. 10, 12 South. Rep. 526.

The third plea averred a contract different· from the recitals in the bond. It averred that the condition of the bond was that only "legitimate court costs and damages" should be paid "in the event the said injunction should be dissolved upon motion." Then follows a conclusion of law to the effect that when the injunction was not dissolved on motion and the defendant did not appeal he acquiesced in the injunction which thereupon became "effectual and perpetual."

The plea is bad because the parties are bound by the terms of their written contract and will not be permitted to set up a different contract to the one which they signed and sealed as a defense to the action upon the bond. They are estopped to deny recitals of the bond. They obtained their injunction, derived from it all the benefits which it secured to them, subjected the defendant to the expenses, costs and charges which it entailed and to that end solemnly entered into the obligation sued upon with all its recital and conditions which were then and are now written into the instrument.

Now when the court dismisses the bill and a cause of action accrues to the obligee because of the breach by the obligor and his sureties of the conditions of the bond which

they gave to secure the benefit or advantage of the injunction they will not be heard to say that the terms are different and can be discovered in this paper or that testimony which will show the true contract. See High on Injunctions (4 Ed.) Sec. 1638-1641; Booske v. Gulf Ice Co.. supra; 14 R. C. L. p. p. 478-479; 22 Cyc. 1041.

The defendants filed three amended pleas, and the plaintiff moved to strike them which motion was granted and the order made the basis of the fourth assignment of error. The pleas averred in substance the same facts which were deemed to be insufficient in the first pleas.

The first plea avers that the order overruling the motion to dissolve the injunction forever barred the plaintiffs from bringing an action upon the bond. This conclusion is based upon the averment of fact that the condition of the bond was that if the injunction should be dissolved on motion and the bill dismissed then the obligor would pay damages, etc., and that the injunction was not dissolved on motion.

The second plea attacks the jurisdiction and authority of Judge Perkins of the Seventh Circuit to hear and determine the chancery cause and to dissolve the injunction but the attack is ineffectual in that the facts averred do not show such lack of jurisdiction. It is averred that no certificate of Judge Bethel's inability to act was filed with Judge Perkins. That may have availed the complainants in the equity suit at the time but it cannot in this collateral proceeding. It is averred that the matter could not have been submitted to Judge Perkins, because it was still in the hands of the Master to whom it had been referred to take testimony. This is also a going behind the decree but the facts as alleged are insufficient to show lack of authority in Judge Perkins. It is not denied that Judge

Bethel was ill and unable to attend to the duties of his office, nor that time for the taking of testimony under the judge's order had not elapsed. Whatever errors in this matter may have occurred at the time were subject to review by this court upon appeal.

The third plea denies that the plaintiff was subjected to certain expense as alleged in the declaration, or that the use of the boat was worth one hundred dollars per month or that it was necessary to repair it. Such a plea we have shown to be of no merit. The fourth assignment or error therefore must fail.

The record shows that the three amended pleas were filed by leave of court on August 7th, A. D. 1916. That the motion to strike them was made November 6th, 1916, and granted February 19th, 1917. That on January 2nd, 1917, the defendant filed additional pleas and on March 5th, 1917, the plaintiff filed his motion to strike the pleas and enter judgment by default. The motion was granted and the order constitutes the basis of the fifth assignment of error. That on the 24th of March, 1917, the defendant filed a "special plea in bar" which was stricken upon a motion by the plaintiff to strike the same and direct the clerk to enter a default. That motion was made on the 2nd day of April, 1917, and granted. The clerk was directed to enter a default for failure to plead. Two orders for default were made on March 9th, 1917, and one May 16th, 1917. The default was entered upon the latter date. These orders and the entry of default constitute the basis of the fifth, sixth and seventh assignments of error.

There is no virtue in these assignments. The pleas were filed without leave of court so far as the record shows to the contrary. The pleas filed January 2nd, 1917, denied

merely that the plaintiff had sustained damage and denied
that the injunction had been improperly sued out, which
of course amounted to tendering an issue upon the Chan-
cellor's decre. The special plea in bar was a restatement
of the defense set up in the second amended plea which
had been stricken. There was no error in these orders.
The pleas interposed no defense to any count in the decla-
ration, were mere denials of damage sustained, futile
efforts to show lack of jurisdiction in the judge who dis-
missed the cause and vain attempts to substitute another
contract for the one which the parties had solemnly made
and upon the faith of which the injunction was issued and
the benefits thereof obtained by the defendants and their
principal. And there was no authority as shown by the
record for filing the same.

In December, 1918, the defendants filed their motion to
vacate the orders of March 9th and May 16th, 1917. No
steps seem to have been taken in the case for nearly twenty
months prior to the making of this motion. The motion
was denied and the order is made the subject of assign-
ments of error numbered eight and nine. The grounds of
the motion were that the orders were void because the
court had no jurisdiction and because there was a plea on
file when the default was entered. The record shows that
the time fixed by statute for filing pleas had passed since
the filing of the declaration and no order was made grant-
ing leave to file the plea which was said to be on file. There
were no affidavits or other proofs offered in support of the
motion which does not afford proof of its own grounds.
See Livingston v. L'Engle, 22 Fla. 427; Stearns v. Jaudon,
27 Fla. 469, 8 South. Rep. 640; Hayman v. Weil, 53 Fla.
127, 44 South. Rep. 176; Thomas v. Price, 56 Fla. 694, 48
South. Rep. 17; Kirkland v. State, 70 Fla. 584, 70 South.

Rep. 592. These assignments of error therefore are not sustained.

The cause was submitted to a jury and a verdict was returned for the plaintiff. A Writ of Error was taken to the judgment and the same was reversed by this court. See Sewell and Gallat v. Huffstetler, 81 Fla. 374, 87 South. Rep. 782. The judgment was reversed because before the trial, affidavits were filed alleging in sufficient form the prejudice of the judge against the defendants and that he denied a change of venue. It appears that Judge Perkins was holding court at Miami which city is in the Eleventh Circuit. There was no intimation in the court's opinion that Judge Perkins was prejudiced in the slightest degree against the defendants nor in favor of the plaintiff, but the court merely held that as the affidavits of prejudice conformed to the form prescribed by statute, that is to say, as the "prejudice of the judge was sufficiently set up" it was error for him to sit as judge in the trial of the cause.

Prior to the passage of Chapter 7852, Laws of Florida 1921, the statute provided for a change of venue when either party to a cause made affidavit that he feared he would not receive a fair trial because of the prejudice of the judge, the facts were required to be set forth upon which the application was founded. But the slightest ground for such belief, the overruling of a demurrer or unfavorable ruling in a former trial or any trivial circumstances may have been considered by the applicant as sufficient to justify the application, the facts upon which the fear was founded could easily be "set forth".

In May, 1921, the cause came on to be again tried, this time before Hon. O. K. Reaves, who was appointed by the Governor to hold a term of court in Dade County for the

purpose of trying cases in which Hon. H. Pierre Branning, the judge of the Circuit, was disqualified.

The defendants on May 9th, 1921 filed three motions to vacate the default entered by the clerk, the order striking the pleas and to vacate the order entering the default. These motions were presented separately and were overruled. A jury was impaneled and a verdict directed for the plaintiff in the sum of one thousand dollars. A motion for a new trial was made and overruled, judgment entered for the plaintiff and defendants took a writ of error.

The tenth assignment of error rests upon the court's ruling in allowing in evidence secondary evidence of the bond sued upon. There was no error in that ruling. The existence of the bond was not an issue. The defendants were in default, besides the evidence was properly admitted even if there had been in the record of a plea denying the issuing of the injunction and the execution of the bond. The plaintiff having shown that the bond could not be found, offered the bill of exceptions in the former case which contained a copy of the bond. See Sec. 2723 Revised General Statutes 1920.

The eleventh assignment of error attacks the action of the court in "receiving the verdict of the jury in open court and in ordering the said verdict to be filed and recorded." There appears to be no irregularity in this matter and no exception was taken to the procedure so that assignment of error fails.

The twelfth assignment of error is based upon some alleged error not apparent in the record in submitting the case to the jury to assess damages. There was no exception to the proceeding and no error is apparent, so that assignment is not supported.

The court directed a verdict for the plaintiff in the sum of one thousand dollars, exception was taken to this action of the court.   The evidence contained in the bill of exceptions is ample to sustain the charge and the bill does not contain all the evidence as affirmatively appears by the certificate of the judge.

A motion for a new trial was denied and that order constitutes the basis of the fourteenth assignment of error.

The fifteenth assignment is based upon the action of the court in entering judgment.

These assignments are not based upon any irregularity in the matter of denying the motion or entering the judgment but all rest upon the errors which the plaintiffs in error contend were committed in the pleadings and different rulings of the court from overruling the demurrer to the declaration to the submission of the cause to the jury.

We have examined the record carefully and considered the brief of counsel for plaintiff in error with the result above set forth.   The case might have been disposed of in a shorter opinion by discussing the one or two salient points of law which were involved but considering that the attorney for the plaintiffs in error in the oral argument expressed himself so earnestly as of the opinion that rules of procedure and principles of law had been ignored to the injury of his clients we deemed it better to treat each assignment of error in detail and thus avoid any possible error in overlooking any point presented by the record. The attorney for defendant in error did not discuss the errors assigned in the order in which they were listed in the complete assignment of errors a copy of which was served upon him and for which his written receipt appears in the record dated July 27th, 1921, but in his brief filed

in this court on November 25th, 1921 asserts that there were only nine assignments of error evidently referring to the one made up as a guide for making up the bill of exceptions and which was not incorporated in the bill as the rule requires. However, his brief was of assistance when after searching it carefully we could find the place in it where the particular point under consideration was discussed.

No error has been made to appear in the record so the judgment is affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur.