147 So.2d 204 (1962)
Richard RICE and Wife, Vera Rice, Merton Armagast and Wife, Millicent Armagast, Appellants,
v.
Fred WHITE and Wife, Frances White, and United States Fidelity and Guaranty Company, Appellees.
No. D-353.
District Court of Appeal of Florida. First District.
December 6, 1962.
Rehearing Denied December 27, 1962.
*205 Collins & Thompson, Panama City, for appellants.
Robert B. Staats of Barron & Hilton, Panama City, for appellees.
CARROLL, DONALD K., Chief Judge.
The defendants in an injunction suit have appealed from an order entered by the Circuit Court for Bay County adjudging them not entitled to damages under an injunction bond executed by the plaintiffs and their surety.
The basic question confronting us on this appeal is whether a chancellor's order dismissing a complaint for injunction without prejudice and dissolving a previously-issued temporary restraining order is a final adjudication that the restraining order had been wrongfully issued and hence that the defendants are entitled to damages under an injunction conditioned upon such wrongful issuance.
The facts essential to the consideration and determination of this question are as follows:
On July 14, 1961, the plaintiffs filed in the said court a petition for a temporary restraining order, which was immediately issued without notice, restraining the defendants from continuing certain dredging operations. A requirement of this order was that it would become effective only upon the giving of a $1,000 bond in favor of the defendants "conditioned to pay all damages and costs which may accrue by reason of the issuance of this temporary restraining order." On the same date the plaintiffs filed a $1,000 bond, which they and their surety had executed, conditioned to pay "such *206 costs and damages as may be incurred or suffered by the defendants in the event they shall be found to have been wrongfully enjoined or restrained by said temporary injunction * * *."
On August 3, 1961, the defendants filed a motion to dissolve the temporary restraining order. A week later the plaintiffs filed a complaint for a permanent injunction and seeking to quiet title to the land involved. On August 30th the defendants filed a motion to dismiss the complaint on the grounds of failure to state a cause of action cognizable by the court, vagueness, lack of equity, lack of equitable jurisdiction, and the possession by the plaintiffs of a complete and adequate remedy at law. The next day a hearing was held on this motion.
On December 14, 1961, the court entered an order dismissing the complaint and dissolving the temporary restraining order. The provisions of the December 14th order pertinent to the present consideration are:
"ORDERED, ADJUDGED, AND DECREED, that the motion to dismiss be, and the same is, hereby granted, and the complaint filed by the Plaintiffs is hereby dismissed at the cost of the Plaintiffs, without prejudice.
"IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, that the temporary restraining order or injunction heretofore issued in said cause against the Defendants on the 14th day of July, 1961, be, and the same is, hereby dissolved.
"IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, that the injunction bond heretofore filed in this cause continue in full force and effect, and the Court retains jurisdiction of the parties for the purpose of holding additional hearings to determine and establish such damages as may be found to be due the Defendants from the Plaintiff, resulting from the issuance of the temporary restraining order."
On February 19, 1962, the defendants filed a petition seeking a determination of the damages and cost suffered by them "as a result of the temporary restraining order being improvidently issued," and seeking a final judgment against the plaintiffs for such damages and cost. After a hearing on the petition, at which evidence and stipulations of the parties were received, the chancellor on March 29, 1962, entered the order appealed from herein. In this order the chancellor found and held as follows:
"That a motion to dissolve the temporary restraining order was denied in this cause at which time the Court determined that the temporary writ was not improvidently issued; that thereafter an additional suit was filed in this Court involving the same parties and subject matter and this cause was dismissed and the injunction dissolved so that the issues could be determined in the last cause filed; no additional injunction was necessary since the parties and their attorneys stipulated before the Court that they would voluntarily maintain the status quo of the parties and the property pending a final determination of the issues; it is therefore;
"ORDERED, ADJUDGED AND DECREED, that the temporary restraining order in this cause was not improvidently issued and the petitioners are not entitled to damages herein."
In support of their contention the defendants heavily rely upon the following rule recognized by our Supreme Court in National Surety Company v. Willys-Overland, Inc., 103 Fla. 738, 138 So. 24 (1931):
"The general rule in this state, as is apparently true elsewhere, where the rules are similar, is that a dissolution of an injunction upon the merits operates as an adjudication that it was improperly *207 issued. Sewell v. Huffstetler, 83 Fla. 629, 93 So. 162. See, also, Landis v. Wolf, 206 Ill. 392, 69 N.E. 103; 32 C.J. 449, § 773."
We recognize, of course, the soundness of the quoted rule, but the critical question remains here whether the chancellor's order dismissing the complaint without prejudice and dissolving the temporary restraining order constituted an adjudication "on the merits."
The Supreme Court's decision in the last-cited case is not decisive here because that court held that the dissolution of the temporary injunction involved in that case was "on its merits."
One of the most fundamental concepts in our court procedure is the recognition of the vital distinction between "allegata" and "probata."
Under our practice a motion to dismiss a complaint on the ground of failure to state a cause of action is addressed exclusively to the allegations of the complaint, the well-pleaded allegations being assumed to be true for the sole purpose of determining the validity of the motion. In other words, the court determines whether the plaintiff, if he later proves the allegations of his complaint, would thereby establish a cause of action against the defendant. The dismissal of a complaint on such a motion merely means that the plaintiff has failed to include in the allegations of his complaint all of the elements essential to his recovery in a cognizable cause of action. Such a dismissal cannot be an adjudication on the merits because no evidence on the merits has been produced and, even if it were, the evidence could not properly be considered in ruling on the motion to dismiss. See Rules 1.8(b) and 1.11(b) of the Florida Rules of Civil Procedure, 30 F.S.A.
Among the many Florida decisions in which the above construction of our procedure is expressly or impliedly recognized, is this court's decision in In re Pellicer's Estate, 118 So.2d 59 (1960), in which we held that, where a petition for revocation of a will was dismissed for failure to allege an essential fact,
"* * * the judgment of dismissal was not on the merits and could not be pleaded as res adjudicata to a subsequent action predicated upon a petition alleging all facts necessary to entitle petitioner to the relief prayed."
In this consideration the fact should be emphasized that in the order appealed from, as quoted above, the chancellor held that, after the issuance of the temporary restraining order, "an additional suit was filed in this Court involving the same parties and subject matter and this cause was dismissed and the injunction dissolved so that the issues could be determined in the last cause filed; no additional injunction was necessary since the parties and their attorneys stipulated before the Court that they would voluntarily maintain the status quo of the parties and the property pending a final determination of the issues * * *." If, as the chancellor held, the filing of the additional suit and the making of the stipulation to maintain the status quo constituted the basis for the dismissal of the complaint and the dissolution of the temporary restraining order, no conclusion is warranted either that such dismissal and dissolution were on the merits, or that the said order was wrongfully issued.
Another reason for holding that the order of December 14, 1961, dismissing the complaint is not an adjudication on the merits is the fact that such dismissal was expressly stated in the order to be "without prejudice."
An analogous problem has arisen in several Florida cases involving the question of res adjudicata.
In Epstein v. Ferst, 35 Fla. 498, 17 So. 414 (1895), the Supreme Court of Florida said:
"By the practically unanimous agreement of the authorities, a decree of a *208 court of chancery  especially one dismissing a bill of complaint, and stated to be without prejudice to a party  is, as to such party, the same as no decree, and will not support a plea of res adjudicata."
To the same effect, see Tilton v. Horton, 103 Fla. 497, 137 So. 801, 139 So. 142 (1932).
Our independent, exhaustive search of the authorities in other jurisdictions has uncovered three cases decided during the 19th century and involving a factual situation analogous to that presented in this appeal: Bennett v. Pardini, 63 Cal. 154 (1883), Williams v. Montgomery, 148 N.Y. 519, 43 N.E. 57 (1896), and Krug v. Bishop, 44 Ohio St. 221, 6 N.E. 252 (1886). While in the first two cases the courts held in effect that the dismissal of a complaint for an injunction on the ground of failure to state a cause of action amounted to a final determination that a preliminary injunction had been improperly issued, a contrary conclusion was reached in the Ohio case. We think the Ohio decision comports with the practice and decisions in Florida.
In Krug v. Bishop, 44 Ohio St. 221, 6 N.E. 252 (1886), an injunction bond had been posted conditioned that the plaintiff pay to the defendants damages they might sustain by reason of the injunction "if it be finally decided that the said injunction ought not to have been granted." Some of the defendants moved for a dismissal of the injunction because of the plaintiff's unreasonable neglect to serve summons on the other defendants. The lower court dismissed the action without prejudice and dissolved the injunction. The Supreme Court of Ohio held that the dismissal was "not a final decision on rights in the action, or on plaintiff's right to the injunction." The Supreme Court then rendered a judgment for the sureties on the bond.
In the above statement of the facts in the instant case, it will be noted that the terms of the bond prescribed in the order of July 14, 1961, vary somewhat from the terms in the bond furnished by the plaintiffs. In such a circumstance the liability of the obligors is determined by the bond and not by the court order. Sewell v. Huffstetler, 83 Fla. 629, 92 So. 162 (1922). Therefore, there was no liability on the bond unless the defendants "shall be found to have been wrongfully enjoined or restrained by said temporary injunction," as provided in the bond.
We have also considered the apparently inconsistent rulings in the chancellor's order of December 14, 1961, and his order entered on March 29, 1962. In the former order it is provided that "the Court retains jurisdiction of the parties for the purpose of holding additional hearings to determine and establish such damages as may be found due the defendants from the plaintiffs, resulting from the issue of the temporary restraining order." In the latter order the chancellor held that "the temporary restraining order in this cause was not improvidently issued * * *." Whatever reason the chancellor may have had for reserving jurisdiction in his order of December 14, 1961, such a provision cannot have the effect of binding the chancellor to award damages under the bond nor have the effect of a holding that the temporary restraining order had been wrongfully issued.
We hold that the appellants have failed to establish that they were wrongfully enjoined or restrained by the said temporary restraining order, which was the condition of the bond. The chancellor correctly adjudged in the order appealed from that the temporary restraining order was not improvidently issued and that the appellants are not entitled to damages. The order appealed from, therefore, should be and it is
Affirmed.
STURGIS and RAWLS, JJ., concur.