232 So.2d 17 (1970)
FLORIDA DISCOUNT CENTERS, INC., a Florida Corporation, et al., Petitioners,
v.
Paul ANTINORI, Jr., Etc., et al., Respondents.
FLORIDA DISCOUNT CENTERS, INC., a Florida Corporation, et al., Petitioners,
v.
STATE of Florida, by Fred O. Dickinson, Jr., Comptroller; Earl Faircloth, Attorney General, and Broward Williams, State Treasurer, As and Constituting the Florida Securities Commission, Respondents.
No. 39128.
Supreme Court of Florida.
February 25, 1970.
T. Truett Ott, of Hardee, Ott & Hamilton, William R. McCown and Robert H. Carlton, Tampa, for petitioners.
Earl Faircloth, Atty. Gen., Michael N. Kavouklis, Asst. Atty. Gen., and Milton J. Wallace, Asst. Atty. Gen. and Gen. Counsel for Div. of Securities, Comptroller of Fla., for respondents.
BOYD, Justice.
These consolidated cases are before us on petition for writ of certiorari to review the decision of the District Court of Appeal, Second District.[1] That Court has certified to us that its decision passes on a question of great public interest, stating:
"Under the facts disclosed by the record, the trial judge held that the scheme followed by the appellants in this case constituted a violation of the securities law and of the statute forbidding pyramid clubs. We do not find that these questions have been passed upon previously under similar circumstances and believe that the business methods involved may be employed in other districts within the state, conceivably with conflicting interpretations of the underlying law. Additionally, this court is not agreed as to the interpretation of Chapter 517, Florida Statutes [F.S.A.]."
The trial court held the retrial merchandising plan to be a security and lottery and restrained Florida Discount Centers, Inc., from further sales thereunder. On appeal the District Court affirmed. The District Court described the plan of operation as follows:
"Purchase at a cost of $320 of either a sewing machine and accessories or a set of aluminum cookware, both said to be `nationally advertised' at a price in excess of $300, but either of which is purchased by appellant for less than $70, makes one a `founder' eligible to earn $60 upon recruitment of each founder subsequently persuaded. When the maximum of 3000 `founders' have joined, or sooner if the appellant were *18 to deem it practicable, a `discount' store would be opened, capital for the venture coming from a portion of the money paid in by the founders, who would thereafter earn commissions on sales to the 100 families whose names were to be supplied by each founder."
The District Court held that schemes of this nature contravene the law against chain letter and pyramid clubs. The decision of the District Court of Appeal, First District, in Lippincott Mortgage Investment Co. of Fla. v. Childress[2] is cited in support of this holding. The District Court also found that the founders' contracts constituted "interest in or under a profit-sharing or participation agreement or scheme" within the meaning of Florida Statutes § 517.02(1), F.S.A.
After hearing oral arguments and carefully reviewing the briefs and the record arising from this cause, we have come to the conclusion that the decision of the District Court is correct, and we hereby adopt it as the decision of this Court. Therefore, the writ is hereby discharged.
It is so ordered.
ERVIN, C.J., and ROBERTS, CARLTON and ADKINS, JJ., concur.
NOTES
[1] 226 So.2d 693 (Fla.App.2nd 1969).
[2] 204 So.2d 919 (Fla.App.1st 1968).