246 So.2d 631 (1971)
Marjorie BOND et al., Appellants,
v.
KOSCOT INTERPLANETARY, INC., a Florida Corporation, Glenn W. Turner, Individually and As Chief Executive Officer of Koscot Interplanetary, Inc., Alice Ann Turner and Fantastic, Inc., a Florida Corporation, Appellees.
No. 70-722.
District Court of Appeal of Florida, Fourth District.
April 2, 1971.
*632 J. Russell Hornsby of the Law Offices of J. Russell Hornsby, Orlando, for appellants.
Tanya M. Plaut and Gordon D. Simonds, Orlando, for appellees.
*633 MAGER, Judge.
This is an appeal from an order entered by the trial court dismissing with prejudice plaintiffs-appellants' complaint. Defendants-appellees filed a motion to strike or in the alternative to dismiss plaintiffs' complaint substantially on the basis that the allegations therein did not state a cause of action. The trial court granted the motion to dismiss with prejudice due to the fact that plaintiffs orally announced their intention not to amend the complaint.
Before discussing the applicable principles relating to motions to dismiss we feel that it would not be inappropriate to observe that when a complaint is drawn in such a manner as to reflect a departure from the general principles of pleading and practice, the judicial labors become unnecessarily encumbered to the point that the substantive merits of the controversy are sometimes obscured. This situation can be avoided if due care is taken by the drafter so that the controversy can be resolved on the basis of substance rather than form.
In Russell v. Community Blood Bank, Inc., Fla.App. 1966, 185 So.2d 749, 750, it is stated:
"* * * [T]hat a defendant moving to dismiss a complaint is deemed, for the purpose of ruling on the motion, to have admitted all facts well pleaded in the complaint, as well as all reasonable inferences arising from those facts. E.g., Jackson Tom, Inc. v. Carlton, Fla.App. 1961, 133 So.2d 752." (Emphasis added.)
In Rice v. White, Fla.App. 1962, 147 So.2d 204, 207, it is likewise stated:
"Under our practice a motion to dismiss a complaint on the ground of failure to state a cause of action is addressed exclusively to the allegations of the complaint, the well-pleaded allegations being assumed to be true for the sole purpose of determining the validity of the motion. In other words, the court determines whether the plaintiff, if he later proves the allegations of his complaint, would thereby establish a cause of action against the defendant." (Emphasis added.)
In Lytell v. McGahey Chrysler-Plymouth, Inc., Fla.App. 1965, 180 So.2d 354, 355, citing Regan v. Davis, Fla.App. 1957, 97 So.2d 324, it has been held that:
"If a complaint states a cause of action upon any ground, a motion to dismiss the complaint for failure to state a cause of action should be denied. * * " (Emphasis added.)
With these principles in mind we now turn to the allegations in plaintiffs' complaint to ascertain whether they are salvageable to such extent that justice requires a determination that a cause of action exists. Plaintiffs' complaint embodies four counts or causes of action: (1) rescission of contract; (2) recovery of purchase price for securities sold in violation of state security acts; (3) conspiracy, and (4) motion to enforce consent decree or in alternative for contempt. With regard to Count No. 1, defendants' motion to dismiss asserts that the allegations therein "do not state a cause of action against defendants because there is no basis in law for rescission of contract under the facts as therein alleged even if all the facts were true". In setting up the first cause of action plaintiffs allege the existence of "contracts with Koscot Interplanetary, Inc., a Florida corporation, which are attached hereto marked Exhibits 1 through 17 and made a part hereof by reference * * *".
Rule 1.130, F.R.C.P., 30 F.S.A., states "Any exhibit attached to a pleading shall be considered a part thereof for all purposes". Exhibits 1 through 17 contain, in part, "Distributor Application and Agreements" allegedly signed by several of the plaintiffs by virtue of which they are apparently authorized to function as wholesale distributors for the sale of Koscot cosmetic products.
*634 Other allegations in support of Count 1 are as follows: a description of the method by which distributorships or franchises are alleged to be sold; assertions that the profit to be made by a distributor "lies not in the sale of cosmetics but in the securing of other distributors under this distributor" with a "commission or finder's fee to be paid" by Koscot to each distributor for each subsequent distributor recruited; a description of the various levels in a distributorship plan with persons at each level receiving a "commission or finder's fee for each person recruited;[1] an assertion that "the scheme or plan as being operated and being promoted by Koscot", (described in the complaint) "is believed to be and therefore alleged to be violative of Section 849.091, Florida Statutes, F.S.A."; an assertion "that such contracts are void because they are contrary to the established public policy of the state". Plaintiffs in their prayer for relief assert that "the court should void the contract herein attached" and "return all monies paid for directorships and supervisors to the plaintiffs".
Irrespective of the deficiencies in draftsmanship, applying all reasonable inferences to the allegations in Count 1 as well as the exhibits attached thereto, we must conclude that a cause of action exists against Koscot only. In their motion to dismiss defendants have admitted for the purposes of such motion: that the plaintiffs "had contracts with Koscot"; that the method by which such distributorships are granted and the plan of Koscot's operation is as described in the complaint and attachments. While these allegations, although admitted by defendants, do not state a cause of action to support rescission, the allegations of the complaint appear to state a cause of action on other grounds, namely, the voiding of a contract on the basis that it violates a statute or is against public policy and, accordingly, the motion to dismiss should be denied.[2] See Lytell v. McGahey Chrysler-Plymouth, Inc., supra, and Regan v. Davis, supra.
Defendants' admissions are "solely for the purpose of determining, if the allegations are proven, whether there would be established a cause of action against the defendants". See Rice v. White, supra. See also Yoo Hoo of Florida Corp. v. Catroneo, Fla.App. 1965, 175 So.2d 220. If the plaintiffs are able to prove that the method and alleged scheme as described in their complaint constitutes a pyramid or lottery as prohibited by Section 849.091, the contract embodying such scheme or plan would be unenforceable and void. M. Lippincott Mortgage Investment Co. of Fla. v. Childress, Fla.App. 1967, 204 So.2d 919; Florida Discount Centers, Inc. v. Antinori, Fla.App. 1969, 226 So.2d 693; Florida Discount Centers, Inc. v. Antinori, Fla. 1970, 232 So.2d 17; Local No. 234, etc. v. Henley & Beckwith, Inc., Fla. 1953, 66 So.2d 818; 7 Fla.Jur., Contracts §§ 59-72; and 17 Am.Jur.2d, Contracts, §§ 165-180, 216-240.
The foregoing citations indicate the broad general rule that an agreement which violates a statute or is contrary to public policy is illegal, void and unenforceable as between the parties. In Lippincott, the First District held that as a matter of law a certain transaction involving the promotion and sale of vacuum cleaning systems, which formed the basis of promissory notes upon which suit was maintained, constituted a lottery rendering the note void and unenforceable. In the Florida Discount Centers case the Supreme Court of Florida in approving the decision of the Second District Court held that a scheme whereunder purchasers of products might *635 earn commissions upon the recruitment of other purchasers constituted a pyramid club under the facts before the court and was in contravention of Section 849.091.
With regard to the plaintiffs' cause of action or Count 2 for the "recovery of the purchase price of securities sold in violation of state security act", we are also of the opinion that if the plaintiffs prove the allegations set forth in their complaint a cause of action would be established against Koscot. In support of Count 2, plaintiffs assert, inter alia, that these contracts (with Koscot) "were securities under the security laws of the State of Florida", "were not and are not within any exemption" and such sale was "in violation of the provisions of the security laws". The Florida Securities Law prohibits the sale of "securities" except those exempt unless such security shall have been registered within the meaning of the law (Sections 517.02(1), 517.07, F.S.A.). Section 517.21(1) declares that "every sale made in violation of the provisions of this chapter shall be voidable at the election of the purchaser".[3] If the plaintiffs are successful in establishing that the contracts in question are "securities within the meaning of Chapter 517" then under the decision in Florida Discount Centers, Inc., supra, such transaction would be violative of the law.[4] In this regard the Second District Court of Appeal observed, in part, 226 So.2d at p. 695:
"* * * The entire scheme is ingenious, but clearly directed toward the possibility of gain. We hold the founders' contracts to be `interests in or under a profit-sharing or participation agreement or scheme' within the meaning of § 517.02(1) for the reason given by Mr. Justice Murphy in Howey just following the passage relied upon by the appellant: `The statutory policy of affording broad protection to investors is not to be thwarted by unrealistic and irrelevant formulae.' [S.E.C. v. W.J. Howey Co.] 328 U.S. [293] at 301, 66 S.Ct. [1100] at 1104 [90 L.Ed. 1244]."
With regard to plaintiffs' Count 3 alleging a "conspiracy" we are of the opinion that the allegations fail to state a cause of action. It has been held that general allegations of conspiracy are inadequate. The allegations must be clear, positive and specific. Yoo Hoo of Florida Corp. v. Catroneo, supra; Renpak, Inc. v. Oppenheimer, Fla.App. 1958, 104 So.2d 642; Hunter Lyon, Inc. v. Walker, 1942, 152 Fla. 61, 11 So.2d 176; Kutner v. Kalish, Fla.App. 1965, 173 So.2d 763. In 4 Fla. Law and Practice, Conspiracy § 13, it is pointed out:
"The essentials of a complaint for civil conspiracy are (a) a conspiracy between two or more parties, (b) to do an unlawful act, or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy.
"It is not to be presumed that a mere conspiracy per se has resulted in civil damages; therefore, that fact must be pleaded in the complaint in order to make a good cause of action against motion." (Emphasis added.)
An examination of Count 3 in light of the foregoing reflects that it does not state a cause of action for conspiracy; in particular nowhere in Count 3 is there any allegation as to the damage to the plaintiff as a result of the acts alleged to have been done under the conspiracy which fact must be pleaded in order to make a good cause of *636 action as against a motion to dismiss. See also Catlett v. Chestnut, 1933, 108 Fla. 475, 146 So. 547.
With regard to Count 4 "to enforce consent decree or in alternative for contempt" we are of the view that this allegation likewise fails to state a cause of action. The consent decree referred to by plaintiffs and attached as Exhibit 20 was the result of a suit instituted by the State of Florida on the relation of Doyle Conner in his capacity as Commissioner of Agriculture and ex officio chairman of the Florida Consumer Council, joined by the County Solicitor of Orange County against Koscot and Glenn W. Turner. The decree which categorically states that the agreement reached "does not constitute an admission by the parties that the law has been violated" provides in substance that Koscot will refrain from the sale of distributorships on a multi-level basis as more particularly described in the agreement and that fees would no longer be paid for recruitment below the first level. In particular, paragraph IV of the consent decree is pertinent to the disposition of plaintiffs' Count 4. Paragraph IV provides as follows:
"The defendants agree that any complaint relative to the sale of a distributorship at a level or link other than the first level or link described above which may be filed with the Office of Consumer Services in the Florida Department of Agriculture within eighteen (18) months from the entry of this Consent Decree shall be investigated by said Office and if deemed to be a valid complaint an adjustment of such complaint shall be made by KOSCOT upon a reasonable basis to be agreed upon between the Director of Consumer Services and the Special Attorney of Record for KOSCOT herein." (Emphasis supplied.)
The allegations in Count 4 fail to indicate: whether the alleged claims were in fact filed by the plaintiffs and investigated by the Department of Agriculture; whether any finding was made by the Department of Agriculture that the complaint was a "valid complaint"; whether any demand was made upon Koscot by the Department of Agriculture for "an adjustment of such complaint". Absent such allegations in the complaint sub judice it is impossible for any court to determine whether the plaintiffs have substantially complied with the terms of the consent decree so as to invoke the alleged remedies provided thereunder. There has been a failure to state the fundamental allegations that would give rise to a cause of action under the terms of the consent decree. Accordingly, it is unnecessary to determine whether the plaintiffs, had they complied with the terms of such consent decree, can maintain an action against Koscot on any "third party beneficiary" theory.[5]
In summary we are of the opinion that plaintiffs' allegations as to Counts 1 and 2 state a cause of action against Koscot only.[6] Counts 3 and 4 are insufficient to state a cause of action. The observations herein are not intended to preclude consideration by the trial court of defendants' motion to strike matter which is deemed to be redundant, immaterial, impertinent or scandalous, which motion was plead in the alternative to the motion to dismiss and was not passed upon by the trial court below; nor should this opinion be considered as precluding the filing of a motion for a more definite statement for the dissipation of vagueness and ambiguities. See Calhoun v. Epstein, Fla.App. 1960, 121 So.2d 828; *637 and Beck v. Barnett National Bank of Jacksonville, Fla.App. 1960, 117 So.2d 45.
We reemphasize our introductory comments with reference to the drafting of a complaint, with a caveat that unheeded, litigants, with otherwise justiciable claims, may inadvertently find themselves without a judicial forum. Warner v. Florida Jai Alai, Inc., Fla.App. 1969, 221 So.2d 777, cert. den. 235 So.2d 294.
The final judgment dismissing the cause of action with prejudice as to Counts 3 and 4 is affirmed; that portion of the final judgment dismissing the cause of action with prejudice as to Counts 1 and 2, as they relate to Glenn W. Turner, individually and as Chief Executive Officer of Koscot Interplanetary, Inc., Alice Ann Turner and Fantastic, Inc., a Florida corporation, is also affirmed; and that portion of the final judgment dismissing the cause of action with prejudice as to Counts 1 and 2, as they relate to Koscot, is reversed, and the cause remanded in accordance with the views expressed herein.
Affirmed, in part; reversed in part.
CROSS, C.J., concurs.
OWEN, J., concurring.
OWEN, Judge (concurring):
Appellants are 23 individuals each with an identical but separate and distinct grievance against one or more of the appellees. The question of appellants' joinder as plaintiffs is not presently before us.
In my opinion, the factual allegations set forth in Counts I and II of the complaint are sufficient to show that the respective contracts between the several plaintiffs and the defendant, Koscot Interplanetary, Inc., a Florida corporation, are severally void under F.S. Section 849.091, F.S.A., or voidable under Chapter 517, F.S.A. Such would support an action for restitution. I therefore concur in the conclusion that Counts I and II of the complaint are sufficient to state a cause of action against the corporate defendant, Koscot Interplanetary, Inc., and in the conclusion that the remaining counts of the complaint are insufficient to state a cause of action in favor of any of the appellants against any of the appellees.
NOTES
[1] Exhibit 19 describes the various levels in Koscot. The highest position or level appears to be that of a wholesale manager or director; the next position is that of a retailer or beauty adviser; the next position is that of a retail manager or supervisor. Fees apparently are earned by persons at all levels and apparently are geared primarily towards recruitment of individuals at all levels.
[2] As grounds for rescission of a contract see 7 Fla.Jur., Contracts, § 171, et seq.
[3] It is to be noted that said section contains a two-year limitation on such suits. Whether or not this limitation would be applicable to any or all of the transactions cannot affect the fundamental determination as to whether a complaint, on its face, states a cause of action.
[4] The right to recovery would seem to be dependent upon those factors set forth in Section 517.02(1) as well as other circumstances more fully discussed in the aforementioned treatises.
[5] Plaintiffs' "beneficiary" claim must also fall because of the absence of any allegation reflecting a failure or refusal on the part of the Department of Agriculture to either evaluate plaintiffs' complaints or to enforce such complaints against Koscot.
[6] The allegations in Counts 1, 2, 3 and 4 are insufficient to state a cause of action against Glenn W. Turner, individually and as Chief Executive Officer of Koscot Interplanetary, Inc., and Alice Ann Turner and Fantastic, Inc., a Florida corporation.