PER CURIAM.
A review of the recent cases discussing the criteria to be applied in determining the adequacy of a complaint compels us to the conclusion that the complaint was “at least adequate at this stage” to state a cause of action for breach of contract. See Keller v. Eagle Army-Navy Department Stores, Inc., Fourth District Court of Appeal, 256 So.2d 248, opinion filed November 19, 1971, citing the following cases: Cohn v. Florida-Georgia Television Company, Inc., Fla.App. *27 1969, 218 So.2d 787, and Fontainebleau Hotel Corp. v. Walters, Fla.1971, 246 So. 2d 563. See also Pizzi v. Central Bank and Trust Company, Fla.1971, 250 So.2d 895.
Accordingly, the judgment of the trial court is reversed and the cause remanded for further proceedings not inconsistent with this opinion. Nothing herein is intended to either restrict the trial court’s consideration of other motions or application of other rules of practice and procedure. The sole determination herein is the sufficiency of the complaint to state a cause of action.
Reversed and remanded.
WALDEN, CROSS and MAGER, JJ., concur.