285 So.2d 623 (1973)
STATE of Florida, ex rel. Robert L. Shevin, Attorney General of Florida and Doyle Conner, Commissioner of Agriculture of the State of Florida and Chief Executive Officer of the State of Florida Department of Agriculture and Consumer Services, Appellants,
v.
Glenn W. TURNER, Individually, et al., Appellees.
No. 73-13.
District Court of Appeal of Florida, Fourth District.
November 23, 1973.
Robert A. Chastain, Gen. Counsel, and Leslie McLeod, Jr., of the Dept. of Agriculture *624 and Consumer Services, Tallahassee, for appellants.
Tanya M. Plaut, and Gordon D. Simonds, Orlando, for appellees.
PER CURIAM.
A review of the recent cases discussing the criteria to be applied in determining the adequacy of a complaint compels us to the conclusion that Count I of appellants' second amended complaint contained sufficient allegations to bring the activities within the proscription of F.S. Section 849.091, F.S.A., and was at least adequate at this stage to state a cause of action. Pizzi v. Central Bank and Trust Company, Fla. 1971, 250 So.2d 895. Whether the appellants are able to prove the allegations of their complaint is a consideration entirely separate and distinct from whether the complaint contains sufficient allegations to withstand a motion to dismiss. Bond v. Koscot Interplanetary, Inc., Fla.App. 1971, 246 So.2d 631; Iorio v. Layman, Fla.App. 1971, 256 So.2d 26. Accordingly, the judgment of the trial court is reversed and the cause remanded for further proceedings.
Reversed.
WALDEN and MAGER, JJ., concur.
CROSS, J., dissents.
CROSS, Judge (dissenting):
I respectfully dissent.
This is an interlocutory appeal by the state from an order dismissing with prejudice count one of the state's second amended complaint by which the state sought declaratory and injunctive relief.
Briefly, the facts as gleaned from the second amended complaint set forth that the defendants-appellees, Glenn W. Turner, Glenn W. Turner Enterprises, Inc., and Dare To Be Great, Inc., offer for sale four different types of motivational and instructional programs, called Dare To Be Great courses. Purchasers of Level I or Level II, the less expensive courses, receive training designed to increase confidence and motivation. Purchasers who enroll in Level III and Level IV not only receive instructional training but also derive the right to become "Independent Sales Agents" or "Independent Sales Trainees," sell the motivational programs to others, and receive a commission for such sales. Those who purchase the more expensive Level III or Level IV programs are required to take additional courses in such areas as sales technique and must pass an examination before they are accepted as sales agents or sales trainees.
The state alleges that the defendants' method of sales distribution is a pyramid or chain operation which violates Section 849.091, Florida Statutes 1971, and therefore constitutes a lottery. The defendants moved to dismiss the second amended complaint; the trial court granted the motion and dismissed count one thereof with prejudice. This appeal then followed.
Article X, section 6 of the 1968 Florida Constitution and Section 849.09, Florida Statutes 1971, both prohibit lotteries. Neither the constitutional provision nor the statute defines the term "lottery." However, it has generally been held that the essential elements of a lottery are a prize, awarded by chance, for consideration. M. Lippincott Mortgage Investment Co. of Florida v. Childress, 204 So.2d 919 (Fla. App. 1967).
Also prohibited as lotteries are pyramid clubs where something of value stands to be gained from participation in the scheme. Section 849.091, Florida Statutes 1971, F.S.A., provides:
"The organization of any chain letter club, pyramid club or other group organized or brought together under any plan or device whereby fees or dues or anything *625 of material value to be paid or given by members thereof are to be paid or given to any other member thereof, which plan or device includes any provision for an increase in membership through a chain process of new members securing other new members and thereby advancing themselves in the group to a position where such members in turn receive fees, dues, or things of material value from other members is hereby declared a lottery, ... ."
Florida cases construing F.S. Section 849.091, F.S.A., have consistently held that an override or chance acquisition of money through the activities of others is an essential element for a scheme to be declared in violation of this statute. M. Lippincott Mortgage Investment Co. of Florida v. Childress, supra; Florida Discount Centers, Inc. v. Antinori, 226 So.2d 693 (Fla. App. 1969), aff'd 232 So.2d 17 (Fla. 1970).
The test to determine whether a complaint contains sufficient allegations to withstand a motion to dismiss the cause of action is set forth in Pizzi v. Central Bank and Trust Company, 250 So.2d 895 (Fla. 1971). The complaint must state factual allegations which, if established by proof or otherwise, will entitle the plaintiff to the claimed relief. In the instant case, it is apparent from the above cited authorities that an override in the defendants' sales scheme would have to be proved by the state to find the defendants in violation of Section 849.091, Florida Statutes 1971, F.S.A. Therefore, an override must be sufficiently alleged in the complaint or the complaint will be vulnerable to a motion to dismiss. Since count one of the state's second amended complaint made no allegation that the defendants' sales scheme contained any element of override, the trial court did not err in dismissing the cause.
I would therefore affirm the order of the trial court dismissing with prejudice count one of the state's second amended complaint.