289 So.2d 24 (1974)
INDEPENDENT OPTICAL COMPANY OF WINTER HAVEN and W.O. WREN, Appellants,
v.
Travis ELMORE et al., Appellees.
No. 73-685.
District Court of Appeal of Florida, Second District.
January 30, 1974.
Charles R. Chilton, of Straughn, Sharit & Bunn, Winter Haven, and O.A. Beakes, Jacksonville, for appellants.
Lawrence Braisted, of King, Howell & Kaylor, Winter Haven, for appellees.
FERRIS, JOHN G., Associate Judge.
Plaintiff corporation and its majority stockholder, hereinafter referred to as Independent, sued Travis Elmore, Joanne Elmore and Travis Optical Company, hereinafter referred to as the Elmores, in six counts and are appealing the trial court's dismissal with prejudice of the first four counts for failure to state a cause of action.
*25 The question before this court then is whether the allegations of the complaint are adequate to state a cause of action, and thus withstand a motion to dismiss, without consideration of any evidentiary matters not alleged in the complaint and without regard at this time as to the ability of Independent to prove such allegations. State of Florida ex rel. Shevin v. Turner, Fla. App. 1973, 285 So.2d 623.
Independent alleges the Elmores were from the beginnings of Independent the principal employees of the corporation. It further alleges that the Elmores were and are (emphasis supplied) officers, directors and stockholders of Independent, although they left Independent's active employ on February 12, 1973, with no notice. The complaint then alleges conduct by the Elmores prior to February 12, 1973, such as
1. inducing all of plaintiff's employees to leave and work for the Elmores,
2. unlawfully transferring property of the plaintiff to defendant corporation,
3. selling and performing services under plaintiff's trade name and billing such customers under defendant corporation's name,
4. utilizing the assets, equipment, facilities and goodwill of Independent in promoting the business of defendant corporation,
all of which plaintiff says effectively destroyed plaintiff's business. Independent thus seeks damages as a result of the claimed breach of fiduciary duty by the Elmores, and in addition the appointment of a receiver to account for such sums as were obtained by the Elmores as a result of their conspiracy against Independent.
The allegations of the complaint, which must be taken as true for the purpose of this appeal, indicate that the Elmores have been and are still officers and directors of plaintiff corporation and that they engaged in conduct which was deliberately destructive of plaintiff's business and from which they have improperly profited to the detriment of Independent while they were still active officers, directors and employees.
It is a cardinal principle that an officer or director of a corporation will not be permitted to make profit out of his official position and because of their fiduciary character, officers and directors will not be permitted to acquire for their own advantage interests adverse or antagonistic to the corporation. 7 Fla.Jur., Corporations, Sections 302-303. While it is true that corporate officers or directors are not precluded, because of the fiduciary nature of their position, from entering into and engaging in another similar enterprise separate from the corporation, they must refrain from interfering with the business of the corporation and they must act in good faith. Renpak, Inc. v. Oppenheimer (Fla.App. 1958) 104 So.2d 642.
Tested by these principles, we believe the first four counts of the complaint do state a cause of action against the three defendants and are sufficient to withstand a motion to dismiss. It therefore follows that the trial judge was in error in granting defendant's motion to dismiss these counts with prejudice.
Reversed and remanded.
McNULTY, A.C.J., concurs.
BOARDMAN, J., concurs specially with opinion.
BOARDMAN, Judge (concurring specially).
I concur as to the result reached in the majority opinion, but feel that the result should not be bottomed solely on the fact that the appellees were officers and stockholders in the complaining corporation.
The complaint, in its first four counts, in essence alleges that the Elmores interfered *26 with prospective advantages of the Independent Optical Company. This, in my view, suffices to state a cause of action. Interference with existing contractual relationships has long been recognized as actionable. Y.B., 1410, 11 Hen. IV 47. In Temperton v. Russel, 1 Q.B. 715 (1893) it was declared that the principles of liability for interference with contract extended beyond existing contractual relations, and that a similar action would lie for interference with relations which were merely prospective or potential. Prosser, Law of Torts 949 (4th Ed. 1971). American decisions on expectancies thus protected have been those such as prospects of obtaining employment, or employees or the opportunity of obtaining customers. Prosser, supra.