301 So.2d 101 (1974)
WEE MAC CORPORATION, Doing Business As Commodity Options of Florida, a Florida Corporation and Wesley J. Moffatt, Appellants,
v.
STATE of Florida, by Fred O. DICKINSON, Jr., Comptroller, As Head of the Department of Banking and Finance, Division of Securities, Appellee.
No. 73-1474.
District Court of Appeal of Florida, Third District.
September 24, 1974.
Rehearing Denied October 21, 1974.
Arthur S. Clark, Jr., Miami, for appellants.
R. Lawrence De Frances, Tallahassee, for appellee.
Before BARKDULL, C.J., and PEARSON and HAVERFIELD, JJ.
PEARSON, Judge.
The appellants, the defendants in the trial court, appeal a final judgment finding that they sold commodity options in Florida in violation of the Florida Sale of Securities Law, Chapter 517, Fla. Stat. The trial court held that the defendants (1) had operated in violation of the law, (2) are permanently enjoined from selling any securities unless they are properly registered with the Florida Division of Securities, (3) are ordered to divest themselves of the proceeds of all sales made to two purchasers in Florida in contravention of the law, and (4) are subject to the right reserved by the court to order the appellants to divest themselves of the proceeds of other sales. Thereafter, the court directed the payment by the defendants of a fee for an accountant appointed by the court to audit their books.
On this appeal appellants contend (1) that the commodity options which they sold were not proved to be securities within the meaning of Chapter 517.02(1), Fla. Stat., (2) that the court was without authority to *102 require the repayment to private investors of the purchase price of the alleged securities where the private investors were not parties to the suit, and (3) that the court improperly taxed as costs the fee of the court-appointed accountant.
There is ample evidence in this record to support the trial court's finding that the commmodity options sold by the appellants are investment contracts. See Florida Discount Centers, Inc. v. Antinori, Fla. 1970, 232 So.2d 17; Frye v. Taylor, Fla.App. 1972, 263 So.2d 835. The appellant has, with admirable candor, admitted in argument that these same contracts have been held to be investment contracts by the United States District Court, District of Nevada, in the case of In re Traders International, Ltd., case no. 7350, opinion filed January 30, 1974.
Appellant's second point presents error which calls for a reversal in part of the judgment rendered. Section 517.19, Fla. Stat., empowers the Department of Banking and Finance to enjoin the unlawful sale of securities, and section 517.21 gives purchasers the right to recover the purchase price of securities sold in violation of the act. Nothing in the statute authorizes the State to seek recovery on behalf of private purchasers. The wisdom of this decision of the legislature is evident since the private purchasers are not parties to this suit and therefore have not been heard upon the business decision involved.
In our opinion, the third point does not present reversible error in view of the obvious need of the court for an accountant's help in such actions and in view of the discretion vested in the court in such matters. See Price v. Airlift International, Inc., Fla.App. 1967, 201 So.2d 264.
Accordingly, paragraphs numbered "5" and "6" of the final judgment are reversed. In all other aspects the judgment stands affirmed.
Affirmed in part, reversed in part.